## CIRCUIT COURT OF HENRICO COUNTY

Linda H. Kaplan

    v.

Irwin D. Kaplan

July 3, 1980

Case No. 79-C-59 / H-79

By JUDGE L. PAUL BYRNE

The defendant in this cause filed his petition praying that the cause be reinstated on the docket of the Court and that his obligation for support of the minor children of the parties be reduced because of a change of circumstances due to:

(a) a reduction of 20% in his compensation and a reduction in the level of benefits received from his employment; and

(b) that due to a change in the financial circumstances of the plaintiff, she should be required to contribute to the support of said infant children under the provisions of Virginia Code § 20-107, as amended.

The Court heard evidence *ore tenus* and argument of counsel on June 9, 1980.

The Court has now had an opportunity to review the evidence and the numerous exhibits submitted by the parties and is of the opinion that there has been a significant change in circumstances of both parties since this cause was settled by a Consent Order entered on August 7, 1979. It is apparent that the defendant's business has declined because of the current economic conditions and the lessening of demand for its products in the clothing market. In addition,

the evidence discloses that the company can no longer pay his life insurance premiums tax-free to him. This fact, when considered with his reduction in base salary of 20%, indicates a decline in income of approximaiely 25%.

It is apparent, also, that the plaintiff, a highly trained technician in the field of dentistry. is not actively pursuing her profession even though there is no evidence to indicate that she is physically unable to do so. In fact, the evidence before the Court is that she could earn from $75.00 to $100.00 per day if she would actively seek employment in her field. The plaintiff admits that if she worked every day she could earn as much as $18,575.00 annually. This amount, coupled with her admitted income from savings and investments of $3300.00 per year, indicates a potential annual gross income of $21,875.00, which is exclusive of the alimony payments the is now receiving from the defendant of $24,000.00 per year.

Upon consideration of all the evidence, the Court is of the opinion that, under § 20-107 of the Code of Virginia, as amended, the plaintiff must share some of the responsibility for the support of the children of the parties and, further, that the defendant, because of the decline in income due to the current economic conditions faced by his business, is entitled to some relief.

Accordingly, it is the judgment of this Court that the defendant shall pay $450.00 per month per child for the support and maintenance of the children of the parties, effective July 1, 1980. In addition, the defendant shall pay Matthew N. Ott, Jr., plaintiff's attorney, the sum of $500.00 on account of counsel fees for services rendered on behalf of the plaintiff. In all other respects, the provisions of the Order of this Court dated August 7, 1979, shall remain in full force and effect.